UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,        Case Number: 2:13-14489

v.        HONORABLE VICTORIA A. ROBERTS

LIVONIA POLICE DEPARTMENT, ET AL.,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY INJUNCTION**

Michigan state prisoner Van Jenkins filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He seeks monetary damages for alleged violations of the Americans with Disabilities Act, assault and battery, and false arrest and imprisonment. Now before the Court are Plaintiff's two motions for temporary injunction.

Plaintiff's motions for temporary injunction, which are essentially identical, appear to request the Court's intervention in the payment of Plaintiff's creditors. Plaintiff's arguments are difficult to follow, but he seems to seek release of a bond posted as proof of financial responsibility under Michigan's Motor Vehicle Financial Responsibility Act, Mich. Comp. Laws §§ 257.517 & 257.523. Plaintiff argues that, absent release of this bond, he is unable to pay several creditors, including his landlord and the University of Michigan Hospital.

A preliminary injunction is an "extraordinary remedy" that should be granted only

when the circumstances "clearly demand it." *Welch v. Brown*, __ F. App'x __, 2014 WL 25641, *4 (6th Cir. Jan. 3, 2014). Under Federal Rule of Civil Procedure 65, a Court should balance four factors in deciding whether a temporary restraining order or a preliminary injunction is appropriate: (1) the likelihood that the requesting party will succeed on the merits of the action; (2) whether the party requesting the relief will suffer irreparable harm without the grant of relief; (3) the likelihood or extent that granting the injunction will cause substantial harm to others; and (4) the degree to which granting the injunction will advance the public interest. *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). These four different factors are "factors to be balanced, not prerequisites that must be met." Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994).

"'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010), *quoting Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id. quoting Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). *See also Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 565 (6th Cir. 1982) ("[T]he [party seeking the injunction] must show the likely existence of a constitutional violation causally related to the result sought to be enjoined."). Plaintiff's complaint relates to a

traffic stop and his resulting arrest. He claims that defendants committed an assault and battery when they arrested him, improperly arrested and imprisoned him, and violated the Americans with Disabilities Act. Plaintiff seeks an injunction related to payment of his creditors. The injunction Plaintiff seeks is not causally related to the alleged constitutional violation. Accordingly, the extraordinary remedy of injunctive relief is not warranted.

The Court DENIES Plaintiff's Motions for Temporary Injunction [dkt. # 7 and #9].

SO ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 13, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Van Jenkins by electronic means or U.S. Mail on January 13, 2014.

S/Holly A. Monda for Carol A. Pinegar
Deputy Clerk