UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

      Plaintiff,

v.                                                     Case Number: 13-14489
                                                     Honorable Victoria A. Roberts

LIVONIA POLICE DEPARTMENT, ET AL.,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. # 25)

On October 25, 2013, Plaintiff Van Jenkins – an inmate of Michigan Department of Corrections – filed a *pro se* complaint against Livonia Police Department, the City of Livonia, and individual police officers ("Defendants"); attached to his complaint were discovery requests. Defendants timely answered Plaintiff's complaint; however, rather than producing the requested discovery, Defendants' counsel sent Plaintiff a letter proposing to schedule a phone conference under Fed. R. Civ. P. 26(f) before engaging in discovery.

Instead of responding to Defendants' letter, Plaintiff filed a "Motion to Compel Production of Documents & to Answer Complaint & Interrogatories" (Doc. # 25); this motion is before the Court. The matter is fully briefed; the Court waives oral argument under L.R. 7.1(e)(2).

Plaintiff asks the Court to compel Defendants to properly answer the complaint; specifically, Plaintiff says the answers are improper because they contain legal jargon and fail to admit that Defendants violated his constitutional rights. After review of the complaint and answers, the Court finds that Defendants' responses were sufficient and

not improper in any respect. The Court will not compel Defendants to supplement their answers to the complaint.

Plaintiff also asks the Court to compel Defendants to respond to his interrogatories and produce the documents he requested; notably, although there were interrogatories attached to the complaint, the Court could not decipher any request for production of documents – which may be due to the handwritten nature of the pleading.

In response, Defendants say Fed. R. Civ. P. 26(d) prohibits Plaintiff from engaging in formal discovery before the parties have conferred under Rule 26(f). Additionally, they say Plaintiff failed to seek concurrence before filing his motion, in violation of L.R. 7.1(a).

Rule 26(d) provides that: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except* in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)...." Fed. R. Civ. P. 26(d)(1) (emphasis added). One such proceeding exempted from initial disclosure is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." See Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, Defendants are incorrect that Plaintiff had to confer under Rule 26(f) before engaging in discovery.

However, Plaintiff failed to seek concurrence under L.R. 7.1(a) before filing his motion. Accordingly, Plaintiff's Motion to Compel is **DENIED**.

The Court orders that Plaintiff seek concurrence from Defendants' counsel before filing any additional motions; the Court also orders that Plaintiff serve Defendants with a new copy of his discovery requests that are more easily readable. Additionally,

although not required by Rule 26, the Court urges Plaintiff to confer with Defendants' counsel – as Defendants' letter proposed – to make the discovery process more efficient.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 3, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record and Van Jenkins by electronic means or U.S. Mail on March 3, 2014.
>
> S/Carol A. Pinegar
> Deputy Clerk