UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS, #172475

    Plaintiff,

Case Number: 2:13-cv-14489
Honorable Victoria A. Roberts

v.

LIVONIA POLICE DEPARTMENT,
POLICE OFFICER KRISTIN CRAWFORD,
POLICE OFFICE KATY PERKINS,
DETECTIVE JOHN DOE, AND THE
CITY OF LIVONIA,

    Defendants.
_____/

## ORDER

This order addresses motions and requests made by both parties. On June 16, 2014, the Court issued an order prohibiting Plaintiff from filing more papers without first obtaining leave of this Court.

### PLAINTIFF'S MOTION TO COMPEL MULTIPLE EXAMINATIONS
(Doc. 31)

*Pro se* incarcerated Plaintiff Van Jenkins ("Jenkins") filed this motion on March 20, 2014; he believes that to establish his case, he needs an order from the Court directing him to obtain medical examinations of himself. Jenkins says that he is entitled to appear before various professionals for psychiatric, neurological, and orthopedic examinations.

To support his request, Jenkins relies on Fed. R. Civ. P. 35:

(a) **ORDER FOR AN EXAMINATION**.

   (1) *In General.*  The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.  The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

   (2) *Motion and Notice; Contents of the Order.*  The order:
     (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
     (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Generally, Rule 35 is used when the *opposing* party wants to obtain examinations due to controversy over a party's condition; to date, Defendants have not requested examinations.  Defendants argue that there is no good cause under (a)(2)(A) to compel examinations of Jenkins; they are not able to evaluate the extent of his alleged injuries because they have not reviewed medical records that Jenkins is to provide.  While Defendants take no position on how the Court should rule, they assert two factors for the Court to consider:  1) Defendants should not bear the cost of any medical examination granted for Jenkins; and, 2) Defendants should not be barred from securing examinations after they review Jenkins' medical records.

The Court finds that currently there is no controversy about Jenkins' physical or mental condition, and only a "controversy" triggers a Rule 35 examination.  This necessarily means the request must be made by Defendant.  Plaintiff initiated this lawsuit; the Court declines to help him establish the damages portion of his case at Court expense.

The Court **DENIES** Plaintiff's Motion to Compel Multiple Examinations. Upon review of Jenkins' medical record, Defendants may seek to obtain medical examinations they believe may be necessary.

### **PLAINTIFF'S MOTIONS FOR APPOINTMENT/SUBSTITUTION OF COUNSEL**
### **(Docs. 32 and 41)**

Jenkins requests that the Court provide him an attorney in this civil case.

A civil litigant has no constitutional or statutory right to appointment of counsel. *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). Plaintiff justifies appointment of counsel by citing to 42 USC §2000a-3(a).  He says the court may appoint an attorney to commence a civil action under circumstances it deems just when it is anticipated that an act of discrimination in connection with public accommodations is occurring, or may occur.  Since there are no facts alleged in Plaintiff's Complaint to support a claim for ADA or public accommodations, there is no reason to grant appointment of counsel under the Civil Rights Act.

Even if Jenkins were given the benefit of the doubt and appointment of counsel was considered under 28 USC §1915(e)(1), he still has no basis for that relief.  This rule states that the court "may request an attorney to represent any person unable to afford counsel."  However, the court's authority under the rule is limited; a court should not request counsel for an indigent litigant as a matter of course, but should reserve such requests for cases involving "exceptional circumstances."  In making this determination, a court should consider the probable merit of the claims; the nature of the case; the complexity of legal and factual issues; and, the ability of the litigant to represent himself. *Lince v. Youngert*, 136 Fed Appx. 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992

3

F.2d 601, 605-06 (6th Cir. 1993).  No exceptional circumstances exist to justify appointment of counsel for Jenkins.

In a related motion, (Doc. 41), Jenkins asks this Court to order substitution of counsel by The Michigan Protection and Advocacy Service, Inc.  Jenkins is a *pro se* Plaintiff with no attorney to substitute for.  Any attorney wishing to represent him may file an appearance form; a Court order is not needed under Fed. R. Civ. P. 11(b)(2).

Plaintiff's Motions for Appointment/Substitution of Counsel are **DENIED**.

### MOTION FOR PROTECTIVE ORDER; NOTICE TO POSTPONE DEPOSITION HEARING; AND, MOTION FOR LEAVE TO DEPOSE
**(Docs. 32, 36, and 37)**

Defendants request leave to depose Jenkins (Doc. 36).  Jenkins was supposed to be deposed on March 18, 2014, and refused to show up.  Instead, he filed several papers opposing deposition, including the Protective Order and Notice to Postpone.

The rule governing depositions is Fed. R. Civ. P. 30.  It provides:

**Depositions by Oral Examination**

(a) WHEN A DEPOSITION MAY BE TAKEN.
  (1) *Without Leave.*  A party may, by oral questions, depose any person, including party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

  (2) *Without Leave.*  A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2).

* * *

(B)  if the deponent is confined in prison.

Jenkins objects to deposition for several reasons:  1) he is a prisoner, and the Court has not given leave to depose him; 2) he wants Defendants to be deposed first; 3) he wants appointment of counsel before he is deposed; 4) he has not been provided

4

adequate notice of the deposition and needs more time to gather all evidence he plans to use and all witnesses he plans to present at trial; and, 5) he wants defense counsel to be investigated by the United States Marshal for allegedly making an unlawful visit to his facility and disrupting an urgent medical examination. None of these objections is valid.

The inconvenience to the Department of Corrections ("DOC") outweighs any technicality arising from the absence of a Rule 30 order. By objecting to deposition after the DOC had already made arrangements, Jenkins burdens the DOC staff who must set up another deposition; ultimately he is slowing down the pretrial process without good reason.

Jenkins' remaining objections to deposition also fail. There is no rule stating that a certain party must or may be deposed before the other; therefore, Plaintiff has no right to ask for Defendants' deposition first. Also, his request for counsel has been addressed above and denied.

Additionally, Jenkins' motion includes four pages of detailed explanation concerning his difficulty in securing documents and inability to identify witnesses. However, defense counsel maintains that the purpose of the deposition is to find out what Plaintiff does and does not know, and for Plaintiff to produce those things he currently has in his possession and control; the deposition is not meant to prejudice his ability to locate and produce materials in the future. Defendants support this argument with a letter to Jenkins, dated March 14, 2014, clarifying his obligations during the deposition. As the letter explains, Defendants are not interested in forcing Jenkins to build an entire case for trial in a matter of weeks; they are simply asking Jenkins to

provide relevant information that he possesses. They acknowledge that Plaintiff is incarcerated and may not have materials to provide; they want the opportunity to question him despite that. The fact that Jenkins is having difficulty obtaining materials and locating witnesses has no bearing on his ability to be deposed.

Finally, Jenkins' request to delay his deposition so that defense counsel can be investigated has no basis. In his motion, Jenkins explains the events leading up to the facility visit, including the numerous documents he filed with the court. He then appears to use Visiting Policy JCF-OP-05.08.140 and Administrative Rule R791.3315 to justify delay of deposition. Jenkins' letter is hard to follow. At most, it provides a summary of the docket, which has no relevancy to this issue. More importantly, Jenkins cites visitation rules but gives no evidence that defense counsel needs permission from the district judge to visit him, nor did he explain why counsel's visit was disruptive.

The Court **GRANTS** Defendants' Motion for Leave to Depose Plaintiff (Doc. 36); Plaintiff must be deposed on or before **September 8, 2014**. The Court **DENIES** Plaintiff's Motion for Protective Order (Doc. 32) and **DENIES** his Notice to Postpone Deposition Hearing (Doc. 37).

### MOTIONS FOR CONTEMPT FOR REFUSAL OF DEFENDANTS TO COMPLY WITH SUBPOENA & DISCOVERY
### (Docs. 38, 41, 42, and 43)

Jenkins filed several motions for contempt and reconsideration of previous discovery motions. The Court is satisfied with Defendants' compliance during discovery and finds that the motions for contempt and reconsideration are simply more extensive requests for information that has already been provided. The Court finds reconsideration unnecessary due to: a) the properly signed and dated letters from

Defendants, proving their compliance with discovery requests; and, b) Jenkins' own exhibits provided in Doc. 43, which give an extensive account of Defendants' discovery responses.

Despite improper service of discovery requests by Jenkins on March 13, 2014, Defendants agreed to provide several items for discovery. These include: 1) 98 pages of documents and interrogatories dated April 11, 2014; 2) a disc containing the audio video recording from Defendants' patrol vehicle documenting the traffic stop, arrest, and search of the vehicle, dated April 14, 2014; and, 3) signature pages from the individual officers, because the answers to interrogatories sent earlier were unsigned. All of the documents that were within the City's possession and control were sent to Jenkins upon request, and it was made clear in a letter to him dated April 22, 2014, that his subsequent subpoena for discovery information was unnecessary. Jenkins acknowledges receipt of this letter; he attached it as an exhibit to Doc. 43.

The Court is satisfied that Defendants complied with Fed. R. Civ. P. 33 and 34; Defendants also timely object to the subpoena; thus, Jenkins has no right to seek an order for contempt. Further, Jenkins has not followed 6th Circuit standards to present clear and convincing evidence that Defendants knowingly violated an order of the Court. *Electrical Workers Pension Trust Find of Local #58, IBEW v. Gary's Electrical Service Co.*, 340 F.3d, 373, 379 (6th Cir. 2003). It would be an undue burden on Defendants and the United States Marshal to compel a second production of the same materials. It would be unreasonable to hold Defendants in contempt; all items have been properly provided to Jenkins, and Defendants are now waiting to take Plaintiff's deposition.

Plaintiff's Motions for Contempt for Refusal of Defendants to Comply with Subpoena & Discovery are **DENIED**.

### MOTION TO APPOINT UNITED STATES MARSHAL TO SERVE MOTION FOR CONTEMPT AND INVESTIGATE
### (Doc. 49)

Jenkins asks this Court to appoint the United States Marshal to formally serve Defendants' counsel with motions he has already filed through the electronic filing system ("ECF").  The Court draws the following conclusions: 1) Defense counsel participates in the ECF system and already has all of Plaintiff's motions; 2) Plaintiff has not indicated that use of the United States Marshal is necessary or helpful regarding this or any other motion; 3) Plaintiff's attempt to gain relief from the Court through an Ex Parte Motion is not appropriate; and, 4) Plaintiff has not demonstrated a deficiency in the system, or that Defendants avoided service.

Further, Plaintiff wants the United States Marshal to return nine items he claims are in the possession of the Livonia Police Department and/or the City of Livonia Law Department's attorneys; most discussed in his motion is the vehicle he was driving at the time of his traffic stop.

Jenkins relies on two federal statutes to support an investigation under replevin; neither is applicable.  Replevin is derived from common law and is a redelivery to the owner of goods wrongfully taken or detained.  *Three States Lumber Co. v. Blanks*, 133 F. 479, 481-83 (6th Cir. 1904).  Defendants did not wrongfully take his property; officers directed a private impound company to tow Jenkins' vehicle after he was lawfully arrested.  The vehicle is not in any of Defendants' possession.  Plaintiff is not entitled to this remedy.

8

The Court **DENIES** Plaintiff's Motion to Appoint United States Marshal to Serve Motion for Contempt and Investigate.

### **DEFENDANTS' MOTION TO STRIKE**
### (Doc. 29)

Jenkins filed Doc. 28 on March 13, 2014 containing:

A) Notice of Ex Parte Protective Order;
B) Certificate of Service;
C) Michigan Department of Corrections-Bureau of Health Care Services Patient Plan, dated December 23, 2013; and,
D) Discovery requests for Defendant City of Livonia and each of the individual Defendants.

Defendants filed a Motion to Strike these documents for noncompliance with Federal Rule of Civil Procedure 7 and Local Rule 26.2.  Rule 7 sets forth pleadings allowed and the acceptable form for motions and papers; Rule 26.2 is the local requirement for filing discovery material.  Defendants claim that these materials do not properly request relief from the Court to which they can adequately respond.

Plaintiff's Notice of Ex Parte Protective order is not a proper motion under Fed. R. Civ. P. 7(b)(B) and (C) because it does not state with particularity the grounds for seeking the order and the relief sought.  Plaintiff's Certificate of Service is not proper under LR 26.2(a)(1) because it does not provide factual support for a proper motion, response, or reply.  It is not clear whether the Patient Plan was intended to be attached as an exhibit to a motion; nevertheless, a proper motion under Rule 7(b) was not attached.  Finally, discovery requests for the City of Livonia and each of the individual Defendants were not ordered by the Court under LR 26.2(a)(3), and Plaintiff's request for this material provides no factual support for a motion, response, or reply under LR 26.2(a)(1).

The Court has broad inherent authority to manage its docket and craft appropriate orders, responses, and order sanctions for impermissible litigation practices. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 515 (6th Cir. 2002).

Defendants' request for clear pleadings and papers is not unreasonable. The Court **GRANTS** Defendants' Motion to Strike.

## **CONCLUSION**

Jenkins demonstrates a consistent pattern of avoiding communication and litigating only on his terms. Defense counsel has repeatedly made effort to establish an efficient pretrial process, which Jenkins has evaded. As a result, defense counsel is not able to gather the necessary information needed to defend this case. Plaintiff initiated this lawsuit; he must do a better job communicating with defense counsel. Additionally, his motions – thus far – border on frivolous. Therefore, Jenkins must get permission from the Court to file any more papers. The Court cautions Plaintiff that frivolous filings or noncompliance with the rules may subject him to sanctions in the future.

The Court **DENIES**:

(1) Plaintiff's Motion to Compel Multiple Examinations (Doc. 31);

(2) Plaintiff's Motion for Appointment/Substitution of Counsel (Docs. 32 and 41);

(3) Plaintiff's Motion for Protective Order (Doc. 32);

(4) Plaintiff's Notice to Postpone Deposition Hearing (Doc. 37);

(5) Plaintiff's Motion for Contempt for Refusal of Defendants to Comply with Subpoena & Discovery (Docs. 38, 41, 42, and 43); and,

(6) Plaintiff's Motion to Appoint United States Marshal to Serve Motion for Contempt and Investigate (Doc. 49).

The Court **GRANTS:**

(7) Defendant's Motion for Leave to Depose Plaintiff (Doc. 36); and,

(8) Defendant's Motion to Strike (Doc. 29).

**IT IS ORDERED**.

> S/Victoria A. Roberts
> Victoria A. Roberts
> United States District Judge

Dated: July 24, 2014

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Van Jenkins by electronic means or U.S. Mail on July 24, 2014.

s/Linda Vertriest
Deputy Clerk

---