UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VAN JENKINS,

                Plaintiff,

v.

LIVONIA POLICE DEPARTMENT,
KRISTIN CRAWFORD, KATY
PERKINS, JOHN DOE, CITY OF
LIVONIA, WAYNE COUNTY, and
STATE OF MICHIGAN,

                Defendants.

_____/

Case No: 2:13-cv-14489
Hon. Victoria A. Roberts

Mag. Judge Michael J. Hluchaniuk

## ORDER GRANTING DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS (Doc. # 68)

Plaintiff Van Jenkins ("Jenkins") filed a *pro se* complaint against Livonia Police

Department, Kristin Crawford, Katy Perkins, John Doe, City of Livonia, Wayne County, and

State of Michigan, Defendants, for damages stemming from Jenkins' arrest on May 13, 2013.

Jenkins' complaint includes claims of: violations of the Americans with Disabilities Act; Assault

and Battery; and, False Arrest and Illegal Imprisonment. Jenkins' inclusion of the State of

Michigan ("State") as a named party is presumably based on his belief that the State "employed

certain police officers," but Jenkins fails to sufficiently state a claim against the State. Jenkins

requests relief from the Court for, *inter alia*, return of his bond, issuance of a driver's permit, an

order re-instating his employment with Michigan Rehabilitation Services, return of his vehicle,

and payment of his medical bills. The State moves to dismiss.

When reviewing *pro se* complaints, the Court must employ a less stringent standard than

if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But

"leniency granted to pro se petitioners . . . is not boundless." *Martin v. Overton*, 391 F.3d 710,

714 (6th Cir. 2004). Further, courts are not required to conjure unstated allegations or guess the plaintiff's claims. *Wells v. Brown et al.*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted). Even *pro se* litigants must meet minimal standards. *Id.*

F.R.C.P. 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. A court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). When "determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

In general, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is plausible if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Magna Mirrors of Am., Inc. v. 3M Co.*, No. 07-10688, 2013 WL 625721, at *5 (E.D. Mich. Feb. 20, 2013) (quoting *Ashcroft*, 556 U.S. at 678).

The State says, "at a minimum, a complaint must put defendants on notice of what plaintiff's claim is and the grounds upon which it rests" and, in addition, "contain allegations concerning all of the material elements to sustain a recovery under a viable legal theory." The State indicates that Jenkins has "failed to offer anything against the State of Michigan other that his own conclusions."

The Court agrees. Jenkins' complaint fails to: make any allegations sufficient to sustain a recovery from the State; give fair notice; and, meet the pleading standard of Rule 12(b)(6), even giving him leniency as a *pro se* litigant.

The Court **GRANTS** the Defendant State of Michigan's motion to dismiss.

IT IS ORDERED.

<u>S/Victoria A. Roberts</u>

United States District Judge

Dated:  3/12/2015