UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

                     Plaintiff,                CASE NUMBER: 13-14489
                                           HONORABLE VICTORIA A. ROBERTS

v.

LIVONIA POLICE DEPARTMENT,
CITY OF LIVONIA, et al.

                     Defendants.
_____/

## ORDER GRANTING DEFENDANT WAYNE COUNTY'S MOTION TO DISMISS & MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. # 91)

**I.**    **INTRODUCTION**

       Plaintiff Van Jenkins ("Jenkins") brought this action to recover damages and other relief for injuries arising out of an alleged assault that occurred during a traffic stop on May 13, 2013. The suit was brought against several defendants, including two City of Livonia Police Officers, Kristin Crawford and Katy Perkins; the Livonia Police Department; Detective John Doe; the City of Livonia; the Wayne County Sheriff's Department; the State of Michigan; and Wayne County ("the County"). The Wayne County Sheriff's Department and the State of Michigan have already been dismissed. Before the Court is the County's Motion to Dismiss & Motion for Judgment on the Pleadings (Doc. #91).

       For the reasons below, the County's Motion to Dismiss & Motion for Judgment on the Pleadings is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 12(c), Jenkins'

claims against the County are **DISMISSED** with prejudice and judgment will enter in favor of Wayne County.

## II.   BACKGROUND

Jenkins alleges that the events surrounding his traffic stop on May 13, 2013 caused a variety of injuries which constitute actionable claims. Principally, Jenkins alleges that Officer Crawford, not a Defendant, handcuffed him too tightly causing a flare-up of his Spina Bifida disability and hypertension. Jenkins also claims he was denied hospitalization. Further, Jenkins asserts that during or shortly after the arrest several of his possessions were confiscated, and that at some point during his detention officers took money from him. Jenkins states that as a result of these events he suffered a variety of harms, for which he seeks a variety of remedies. Principally, he alleges that these acts caused him: (1) eviction from his home; (2) repossession of his automobile; (3) inability to pay a loan on time; and (4) deprivation of his right to travel with a Michigan driver's license.

Jenkins claims liability and damage arising from five statutes: (1) 18 U.S.C 241; (2) 18 U.S.C. 242; (3) 42 U.S.C. 1983; (4) 42 U.S.C. 1988; and (5) the Americans with Disabilities Act of 1990, codified at 42 U.S.C § 12101 *et seq.*

## III.   LEGAL STANDARDS

### A.   COMPLIANCE WITH LOCAL RULE 7.1

Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. Local R. 7.1(b). Local R. 7.1(d)(1)(B) requires that responses

to dispositive motions are due within twenty-one (21) days of service of the motion, E.D. Mich. Local R. 7.1(d)(1)(B). Defendant's motion for summary judgment was filed on July 28, 2005 and the proof of service for Defendant's motion indicates that it was served on Plaintiff on the same day. Accordingly, the response to this motion was due before June 1, 2015. *See* F. R. Civ. P. 6(e).  Plaintiff has not filed a response opposing the motion. Since no response has been filed, the motion is unopposed.

### B.  MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS

The County seeks dismissal of the suit and for judgment on the pleadings, which the Court evaluates under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c) respectively. Rule 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). In general, a motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008).

The standards differ, however, in one key respect: a motion for judgment on the pleadings may not be made until after the pleadings (complaint, answer, and reply if ordered) are closed, while a motion to dismiss under Rule 12(b)(6) must be made prior to filing an answer. No reply was filed and the Court did not order one, so the pleadings were "closed" when Wayne County filed its Answer on February 10, 2015. It filed its motion on May 8, 2015. Since the motion was filed after the answer, the Court evaluates this motion under Fed. R. Civ. P. 12(c) instead of Rule 12(b)(6). *See, e.g.*, McGlone v. Bell, 681 F.3d 718, 728 n.2 (6th Cir. 2012) ("Defendants filed an untimely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as it was filed

3

after Defendants' Answer. The district court, using its discretion to address substance over form, treated Defendants' motion to dismiss as a 12(c) motion for judgment on the pleadings.")

Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 892 (E.D. Mich. 2011); 5C C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1970, 167 L. Ed. 2d 929 (2007).

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his

4

allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.  The function of the Court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Rather, the Court simply determines "whether a complaint states a plausible claim for relief."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). In deciding this motion, the Court does not consider materials raised outside the pleadings.

## IV.    DISCUSSION

### A.    18 U.S.C. 241 and 242

 18 U.S.C. Section 241 provides for criminal penalties for conspiracies against civil rights. Section 242 provides for criminal penalties for deprivations of civil rights under color of law. Both of these sections are part of the criminal code and civil relief is not afforded by them. *Willing v. Lake Orion Cmty. Sch. Bd. of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) ("the law is clear that § 241 does not provide a basis for a civil liability."); *Watson v. Devlin*, 167 F. Supp. 638, 640 (E.D. Mich. 1958). Accordingly, Jenkins's claims under 18 U.S.C. § 241 and § 242 should be dismissed.

### B.    42 U.S.C. § 1983 Claims

Jenkins claims that the County is liable under 42 U.S.C. § 1983 for violations of the Americans with Disabilities Act of 1990 ("the Act"), 42 U.S.C. § 12101 *et seq*. Jenkins also alleges theft of property, race discrimination and infringement of his right to travel – each of which the Court interprets as arising under § 1983. These claims present no plausible basis for relief and are **DISMISSED**.

5

42 U.S.C. § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); instead, Jenkins must show some wrong doing on the part of the municipality itself in order to prevail. *Games Galore of Ohio, Inc. v. Masminster*, 154 F.Supp.2d 1292, 1300 (S.D. Ohio 2001). Under the *Monell* precedent, the County cannot be found liable unless Jenkins can establish that an officially executed policy, or the toleration of a custom within the County leads to, causes, or results in the deprivation of a constitutionally protected right. *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36). This requires Jenkins to "show that the particular injury was incurred because of the execution of that policy." *Doe*, 103 F.3d at 508 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993) (citation omitted), cert. denied, 510 U.S. 1177, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994)).

Jenkins makes very tenuous allegations to connect the named Defendants in his failure to hospitalize cause of action. Namely, he alleges that the failure to provide hospitalization in spite of his pre-existing medical diagnosis constituted deliberate indifference to a serious medical need in violation of the Act. Amended Complaint ¶ 18. While he correctly states that the Wayne County Sheriff's Office is a division of Wayne County, he incorrectly alleges that the Livonia Police Department is "of the Wayne County's Office." The only named individual police officers who arguably could have failed to get Jenkins to a hospital, were at all times employed by the Livonia Police Department. No vicarious liability can be imposed on the County under § 1983 and

6

Jenkins fails to allege any policy of the County that allegedly led the Livonia police officers to deprive him of hospitalization. Indeed, his complaint is devoid of any specific allegation regarding any County custom or policy.

Jenkins also makes a theft of property allegation. It is unclear where during his transfer this allegedly occurred and which officers or agency were responsible for the theft of his money. Amended Complaint ¶ 25. He also conclusorily states that his stop, detention, and search were the "result of racial profiling..." Amended Complaint ¶¶ 28-29. Neither of these claims mentions any custom or policy of the County which caused any harm or injury to Jenkins. These claims are fatally flawed as is Jenkins' claim under the ADA.

Further, Jenkins asserts that he was deprived of his right to travel when Livonia Police Officer Crawford confiscated his international driver's permit and Michigan driver's license and stated that the two documents were invalid. Amended Complaint ¶ 20. The complaint fails to provide the legal basis of this right, its source, or its elements. Even if Jenkins' right to travel was violated, he has not sufficiently alleged that the violation was caused by the County or one of its agents in furtherance of a policy or custom of the County.

The § 1983 claims against Wayne County are **DISMISSED**.

C.     **42 U.S.C. § 1988**

Jenkins claims entitlement to relief under 42 U.S.C. § 1988. That statute does not create a cause of action, but instead enables a district court to award a "reasonable attorney's fee" to a "prevailing party" in a federal civil-rights action. 42 U.S.C. § 1988. A

prevailing party is "one who has been awarded some relief by the court"—say, by entry of a consent decree or judgment in the party's favor. *United States v. Tennessee*, 780 F.3d 332, 336 (6th Cir. 2015) (citations omitted). Jenkins has not prevailed and is not entitled to recover attorney's fees under § 1988. This claim is **DISMISSED**.

## V.     CONCLUSION

For the above reasons, Defendant Wayne County's Motion to Dismiss & for Judgment on the Pleadings is **GRANTED**. The Court **DISMISSES** with prejudice all of Jenkins claims against Wayne County, including those concerning: (1) 18 U.S.C 241; (2) 18 U.S.C. 242; (3) 42 U.S.C. § 1983; (4) 42 U.S.C. 1988; and (5) the Americans with Disabilities Act of 1990.

IT IS ORDERED.

s/Victoria A. Roberts                          
Victoria A. Roberts
United States District Judge

Dated:  October 7, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Van Jenkins by electronic means or U.S. Mail on October 7, 2015.

s/Linda Vertriest                          
Deputy Clerk

8